# STATE OF FLORIDA v CORWIN

## Case No. CT85-9023MOANO

County Court, Pinellas County

August 12, 1985

### APPEARANCES OF COUNSEL

**Office of the State Attorney** for plaintiff.

**Fleet Brady Corwin,** pro se.

### OPINION OF THE COURT

KARL B. GRUBE, County Judge.

### *FINAL JUDGMENT*

THIS MATTER came to be heard before the Court sitting as the trier of fact, without a jury, on August 9, 1985. The Defendant appeared without counsel and the State was represented by the Office of the State Attorney. The Court considered the evidence and testimony presented, and at the conclusion of the proceedings, determined that Section 11-4 of the St. Petersburg Beach City Code was unconsti-

tutional, and as this was the basis for Defendant's prosecution, therefore, the Defendant should be DISCHARGED. The basis for the Court's ruling is as follows:

1. "Though the law itself be fair on its face, and impartial in appliance, yet, if it is applied and administered by public authority with an evil eye and unequal hand, so as practically to make unjust and illegal discriminations between persons in similar circumstances, material to their rights, the denial of equal justice is still within the prohibition of the Constitution." See *Yick Wo v. Hopkins*, 118 U.S. 356, 6 S.Ct. 1064, 30 L. Ed. 220 (1886).

*Section 11-4* of the St. Petersburg Beach Code may be fair and impartial on its face, yet the way it has been applied and administered by the public authority has caused it to discriminate against certain persons within a particular class. It discriminates against non-white-collar workers by requiring their compliance while ignoring the non-compliance of white-collar professions.

2. *Section 11-4* was unconstitutionally applied to the Defendant on April 26, 1985. On that day, the Defendant was in the process of carrying out his lawn service business in the City of St. Petersburg Beach. At that time, the Defendant possessed all necessary State and County licenses for the performance of his business. Unfortunately, he had failed to register such occupational licenses with the City's Licensing, Inspection and Planning Department. The Defendant was cited without warning for this violation and faces a minimum fine of $79.00.

3. The State's witness, Lt. Kelly of the St. Petersburg Beach Police Department, testified that he is the officer charged with the primary responsibility of enforcing *Section 11-4* of the Code. Lt. Kelly states that this Section is not enforced with respect to white collar professions, such as lawyers or doctors. On October 26, 1984, if a doctor or lawyer came to the City of St. Petersburg Beach, he would not have been required to register his occupational license according to Lt. Kelly. Similarly, it is presumed that if a business machine salesman entered the City to transact business at City Hall or at some other establishment within the City or if a real estate broker came to receive a listing or rent property within the City they would not be required to register their licenses. It is upon these findings that the Court concludes that *Section 11-4* has been applied unequally to people possessing occupational licenses who come to the City of St. Petersburg Beach on a transient basis to pursue their occupation.

4. This Court further finds that the authority by which the City of St. Petersburg Beach has enacted *Section 11-4* is F. S. 166.221. F. S.

5

166.221 provides that a municipality may levy reasonable business professional and occupational regulatory fees. This Statute, however, permits the levy of such fees only where the regulation of the business or occupation of conducting a lawn service has in fact been preempted by the county in that the county, pursuant to its charter, requires an occupational license for such business. As the Defendant has complied with the County regulations and has obtained an appropriate Occupational License for its business from the County of Pinellas, therefore, *Section 11-4* of the St. Petersburg Beach Code should not be applied to the Defendant. Where the regulation of the business has been preempted by the County, *Section 11-4* cannot be utilized to additionally impose a regulatory fee upon that profession, occupation or business.

5. This Court finds that the avowed purpose of *Section 11-4*, according to Lt. Kelly, is Consumer Protection. It has been submitted that the consuming public of St. Petersburg Beach will be protected if an individual who already possesses a state, county or municipal occupational license registers that license within the city. In fact, this Court cannot find that the registration of an already valid state, county or municipal occupational license would do anything to enhance the protection of St. Petersburg Beach's consumer residents. If a person does not possess a required state, county or municipal occupational license. *Section 11-4* does not require registration. *Section 11-42* only speaks to those who are already properly registered within the state, county or other municipality. It is those who have already proven their willingness to comply with the law who are charged an additional $10.00 by the City of St. Petersburg Beach for the purpose of proving they have complied. This does not make good sense. The valid status of a state, county or other municipality's license can be confirmed by consulting the registry of that state, county or other municipality and the registration of the license within St. Petersburg Beach does little, if anything, to enhance consumer protection in that City.

6. This Court also finds that the implementation of *Section 11-4* lacks procedural due process in that a person is not appropriately placed on notice of the fact that registration is required. When one obtains an appropriate state, county or municipal occupational license, one is not advised that that license must then further be registered in the City of St. Petersburg Beach. If a City Occupational License is not required for a lawn care business, how can an individual pursuing that business be expected to know that the license which he possesses from some other state, county or municipal entity must be registered within the City of St. Petersburg Beach? Lt. Kelly says that there are no signs

6

to place business people on notice when they enter the City. It is certainly not common knowledge that this Code provision exists. At the very least, the City should warn the individual and give an opportunity for compliance. But, this too is lacking, and for these reasons, the provision lacks procedural due process and is unconstitutional.

7. In reviewing the provisions of *Code 11-4*, it appears at first glance that the City has attempted to impose a regulatory fee upon all professions licensed outside the City which do business within the City. The imposition of a regulatory fee is legally appropriate where the fee is commensurate with or related to the regulation and control of the registrant. If the registrant is not regulated or controlled, then he is not paying a regulatory fee but rather, is paying a "license tax". See *tamiami Trail Tours, Inc. v. City of Orlando*, 120 So.2d 170 (Fla. 1960). Judging the provisions of *Section 11-4* by this definition, the fee imposed by the City must be regarded as a license tax because *Section 11-4* does not provide any standards for regulation or control of the registrant. Finding that the fee prescribed in *Section 11-4* constitutes a license tax, this Court further finds that the imposition of such a license tax was improper as it is evidence that F. S. 205.042 was not complied with. Even if F. S. 205.042 were complied with, by an Opinion of the Attorney General (072-236, July 1972) where a "gardener" does not maintain a permanent business location or branch office within the municipality, such municipality cannot impose a license tax for revenue purposes on that "gardener" when he enters the municipality temporarily to perform his activities.

8. If it is argued that *Section 11-4* imposes a regulatory fee, this Court will find and conclude that the activity or occupation of yard maintenance is not so affected with public interest so as to require regulation in any manner to protect the public.

WHEREFORE, it is

ORDERED AND ADJUDGED that the Defendant, FLEET BRADY CORWIN, be discharged from prosecution in the above-numbered cause and that this case be DISMISSED. The Defendant shall go hence without day.